CLAUDE A. WILLIAMSON, JR. AND WIFE, ANGELA C. WILLIAMSON v. DOROTHY A. AVANT

No. 7418DC15

(Filed 3 April 1974)

Counties § 5.5— county subdivision ordinance — division of land among heirs

    Conveyances made for the purpose of dividing land among heirs did not violate a county subdivision ordinance since such an ordinance may apply only to divisions of a tract "for the purpose, whether immediate or future, of sale or building development." G.S. 153-266.7.

APPEAL by plaintiffs from judgment by *Clark, District Court Judge,* entered 21 May 1973 in the District Court in GUILFORD County.

Plaintiffs seek to recover a deposit made in an offer to purchase real estate from defendant.

Plaintiffs contracted to purchase a five-acre tract of land located in Guilford County provided defendant was able "to convey a good and marketable title free and clear of all encumbrances . . . " except those expressly stated in the contract. Pursuant to this agreement, plaintiffs paid a $500.00 deposit which was to be refunded if the defendant could not deliver good and marketable title.

The land involved was conveyed to defendant in August 1970 by a deed, duly recorded in Deed Book 2503, Page 651, containing the following reference: "according to survey and unrecorded plat of T. D. Alley property made by Kenneth A. Vaughn, R.L.S., July, 1970, and being designated as Lot #7 on said plat." The conveyance was made for the purpose of dividing up the real estate of the late T. D. Alley among the heirs of

T. D. Alley. The division of the land was never approved by the County Commissioners. The contract between plaintiffs and defendant described the parcel as "Center Grove. Five acres situated in township— (Being recorded in Deed Book 2503, pages 651, 652 & 653, Guilford County Registry. . . . " Plaintiffs refused defendant's tender of deed to the property, contending that noncompliance with the Subdivision Control Ordinance of Guilford County constituted a defect of title. The ordinance was not made a part of the record. That portion of the ordinance available to this court was set out in the judgment, as follows:

"The sale of land in subdivisions which have not been approved by the County Commissioners is prohibited. Any person who, being the owner or agent of the owner of any land located within the jurisdiction granted to the Commissioners by G.S. 153-266.1, hereafter subdivides his land in violation of this Ordinance or transfers or sells such land by reference to, exhibition of, or any other use of a plat showing a subdivision of the land before the plat has been properly approved under said Ordinance and recorded in the Office of The Register of Deeds, shall be guilty of a misdemeanor. The description by metes and bounds in the instrument of transfer or other document used in the process of selling or transferring land shall not exempt the transaction from this penalty. The County through its County Attorney or other official designated by the Board of County Commissioners, may enjoin such illegal transfer or sale by action for injunction."

The judge concluded that although the 1970 conveyance to defendant involved a subdivision which violated the Guilford County ordinance, defendant nevertheless tendered a deed which would convey good and marketable title with the result that plaintiffs were not entitled to a refund of their deposit. Plaintiffs appealed.

*Hubert E. Seymour, Jr., for plaintiff appellants.*

*J. Bruce Morton for defendant appellee.*

VAUGHN, Judge.

Although we agree with the trial court's determination that defendant tendered marketable title, we are unable to sus-

tain his conclusion of law that the 1970 deed to defendant "constituted a subdivision within the definition of the Guilford County Subdivision Control Ordinance."

G.S. 153-266.3, the statute authorizing the Guilford County ordinance, prohibits a county from regulating "the platting and recording of subdivisions in any manner other than through the adoption of an ordinance pursuant to this article." G.S. 153-266.1 only authorizes an ordinance regulating the platting and recording of any "subdivision of land *as defined by this article.*" (Emphasis added.) G.S. 153-266.7 defines a subdivision as: "A 'subdivision' shall include all divisions of a tract . . . into two or more lots . . . for the purpose, whether immediate or future, *of sale or building development. . . .* " (Emphasis added.)

The court found as a fact that the 1970 "conveyance was made for the purpose of dividing up the real estate of the late T. D. Alley among the heirs of T. D. Alley." There is no dispute as to this finding. Thus the 1970 conveyance to defendant did not constitute a division of land for immediate or future sale or development within the meaning of G.S. 153-266.1 et seq. and was not subject to regulation thereunder. For the reasons stated, the judgment is affirmed.

Affirmed.

Judges BRITT and PARKER concur.